UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JOE KELLY ARMSTEAD,

    Petitioner,

vs.

DWIGHT NEVEN, et al.,

    Respondents.

Case No. 2:07-CV-01337-LRH-(PAL)

**ORDER**

    Before the Court are the Petition for a Writ of Habeas Corpus (#1), Respondents' Motion to Dismiss (#7), and Petitioner's Response (#14). The Court grants the motion because Petitioner has not exhausted his available remedies in state court for two grounds.

    In the Eighth Judicial District Court of the State of Nevada, Petitioner was convicted of second degree murder with the use of a deadly weapon. Ex. 42 (#9-5, p. 29).[1] Petitioner appealed, and the Nevada Supreme Court affirmed. Ex. 56 (#9-8, p. 23). Petitioner then filed in state court a post-conviction petition for a writ of habeas corpus, a supporting memorandum, and a supplemental petition. Exs. 61 (#9-9, p. 4), 63 (#9-9, p. 18), 65 (#9-10, p. 2). The district court denied the petition. Ex. 68 (#9-11, p. 2). Petitioner appealed, and the Nevada Supreme Court affirmed. Ex. 74 (#9-11, p. 22). Petitioner then commenced this action. The Court summarily dismissed Grounds 1 and 4 of the Petition (#1) and directed a response on the remaining grounds. Order (#2).

---

[1] Page numbers in parentheses refer to the Court's computer images of the documents.

Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for relief, a petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground. See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Anderson v. Harless, 459 U.S. 4, 6 (1982).

"[A] petitioner for habeas corpus relief under 28 U.S.C. § 2254 exhausts available state remedies only if he characterized the claims he raised in state proceedings specifically as federal claims. In short, the petitioner must have either referenced specific provisions of the federal constitution or statutes or cited to federal case law." Lyons v. Crawford, 232 F.3d 666, 670 (9th Cir. 2000) (emphasis in original), amended, 247 F.3d 904 (9th Cir. 2001). Citation to state case law which applies federal constitutional principles will also suffice. Peterson v. Lampert, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc). "The mere similarity between a claim of state and federal error is insufficient to establish exhaustion. Moreover, general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted).

In Ground 7 of the Petition (#1), Petitioner claims that the Due Process Clause of the Fourteenth Amendment was violated because the trial court abused its discretion in instructing the jury in archaic terms about the definitions of express malice and implied malice. Petition, pp. 15-15b, 17a (#1, pp. 35-37, 40). Petitioner's allegations are a photocopy of an argument that he presented in his fast track statement on direct appeal. Ex. 52, pp. 20-22 (#9-7, pp. 21-23). Respondents correctly note that the argument on direct appeal was solely a matter of state law. Motion, p. 7 (#7). Nowhere did Petitioner specifically alert the Nevada Supreme Court that he was pursuing a question of federal law. See Lyons, 232 F.3d at 670. The Nevada Supreme Court opinions that Petitioner cited all determined questions of state law. Cf. Peterson, 319 F.3d at 1158. Petitioner argues that the Nevada Supreme Court should have ruled upon the argument on direct appeal as a matter of federal law. Opposition, p. 3 (#14). However, the Nevada Supreme Court was under no obligation to create claims on Petitioner's behalf. Ground 7 is unexhausted.

1    Respondents also argue that Ground 8 is unexhausted. Petitioner agrees, and he asks the
2 Court to voluntarily dismiss the ground. Opposition, p. 4 (#14). The Court grants the request.
3    In his Opposition (#14), Petitioner argues the merits of the remaining grounds. This
4 argument is premature. Petitioner must first decide what to do with the unexhausted Ground 7.
5 Depending upon that decision, Petitioner may renew his arguments in a reply to Respondents'
6 answer.
7    The Petition (#7) is mixed, containing both claims exhausted in state court and claims not
8 exhausted in state court, and it is subject to dismissal. See Rose v. Lundy, 455 U.S. 509, 521-22
9 (1982); Szeto v. Rushen, 709 F.2d 1340, 1341 (9th Cir. 1983). Petitioner may voluntarily dismiss
10 the unexhausted Ground 7 and proceed with the remaining grounds, he may voluntarily dismiss this
11 action without prejudice while he returns to state court to exhaust Ground 7, or he may move to stay
12 this action while he returns to state court to exhaust Ground 7. If Petitioner chooses the last option,
13 he must show that he has "good cause for his failure to exhaust, his unexhausted claims are
14 potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory
15 litigation tactics." Rhines v. Weber, 544 U.S. 269, 278 (2005).
16    IT IS THEREFORE ORDERED that Respondents' Amended Motion to Dismiss (#7) is
17 **GRANTED**.
18    IT IS FURTHER ORDERED that Ground 8 of the Petition (#1) is **DISMISSED**.
19    IT IS FURTHER ORDERED that Petitioner shall have thirty (30) days from the date of
20 entry of this Order to do one of the following: (1) inform this Court in a sworn declaration that he
21 wishes to dismiss Ground 7 of his Petition (#1), and proceed only on the remaining grounds for
22 relief, (2) inform this Court in a sworn declaration that he wishes to dismiss his Petition (#1) to
23 return to state court to exhaust his state remedies with respect to the claims set out in Ground 7 of
24 his Petition (#1), or (3) move to stay this action while he returns to state court to exhaust his state
25 remedies with respect to the claims set out in Ground 7 of his Petition (#1). Failure to comply will
26 result in the dismissal of this action.
27    IT IS FURTHER ORDERED that if Petitioner elects to dismiss the aforementioned grounds
28 of his Petition (#1) and proceed on the remaining grounds, Respondents shall file and serve an

answer or other response to the remaining grounds within forty-five (45) days after Petitioner serves his declaration dismissing those grounds. If Respondents file and serve an answer, it shall comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.

    IT IS FURTHER ORDERED that if Respondents file and serve an answer, Petitioner shall have forty-five (45) days from the date on which the answer is served to file and serve a reply.

    DATED this 14th day of July, 2008.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE